UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAO DAY THAI,

           Plaintiff,

    v.

TODD M. LYONS, et al.,

           Defendants.

Case No. 25-cv-06293-JST

**ORDER DISMISSING PETITION FOR HABEAS CORPUS**

Re: ECF No. 1

Before the Court is Petitioner Hao Day Thai's petition for habeas corpus. ECF No. 1. The Court will dismiss the petition.

## I.       BACKGROUND

Petitioner Thai entered the United States in 1979 from Vietnam as a refugee and attained status as a lawful permanent resident in the United States. ECF No. 1 ¶ 4. Thai was incarcerated for 24 years in California state prison and released on parole in 2017. *Id*. ¶ 5. Following his release, Thai was detained by Immigrations and Customs Enforcement ("ICE") and placed in removal proceedings. *Id*. After accepting a removal order to Vietnam, Thai was released after six months of ICE detention. *Id*. Thai was released with an Order of Supervision ("OSUP") which obligated him to attend regular check in appointments with ICE's San Francisco office. *Id*. ¶ 6.

Thai was scheduled to attend a check-in on July 29, 2025. *Id*. ¶ 7. Fearing that he would be re-detained at that check-in, Thai filed the instant petition against Todd Lyons, the Acting Director of ICE, Respondent Polly Kaiser Jr., Acting Field Office Director of Enforcement and Removal Operations for ICE's San Francisco Office, Respondent Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"), and Respondent Pam Bondi, the Attorney

General of the United States, pursuant to 28 U.S.C. § 2241(c). [1] *Id*. ¶¶ 7, 13–14.  Thai brought a habeas petition and a complaint for declaratory and injunctive relief, seeking to prevent his re-detention at the appointment without a hearing in front of a neutral adjudicator. *Id*. ¶ 7.  Thai also sought an order from the Court enjoining Respondents from removing him to a third country other than Vietnam without notice of the removal, an opportunity to apply for protection under the Convention Against Torture, and an opportunity to reopen the underlying removal proceedings. *Id*. 29–30.

Thai filed a motion for a Temporary Restraining Order concurrently with his habeas petition on July 25, 2025.  ECF No. 2.  On July 28, 2025, Respondents confirmed that Thai would not be re-detained at his check-in with ICE on July 29, 2025, and the parties stipulated to continue the hearing.  ECF No. 10.  On July 31, 2025, Thai withdrew his motion for a temporary restraining order, attesting that he had not been re-detained at the check-in.  ECF No. 17.  The parties then stipulated to a briefing schedule on the habeas petition.  ECF No. 19.  Respondents filed their response to the petition on December 12, 2025.  ECF No. 25.

Respondents move to dismiss the petition on the grounds that Petitioner fails to meet the "in-custody" requirement necessary for habeas relief.  *Id*. at 2.  Respondents also argue that the Court lacks jurisdiction over Petitioner's claim regarding his potential future detention as well as his third country removal claim, because there is no case or controversy before the Court.  *Id*. at 2–5.  Petitioner filed his response in support of the petition on January 8, 2026.  ECF No. 26.  The Court conducted a hearing on the motion on February 12, 2026.  ECF No. 27.

As of the date of this order, there is no evidence that Thai has been re-detained or that ICE has manifested an intent to re-detain him.

## II.    LEGAL STANDARD

"Article III of the Constitution empowers [the lower federal courts] "to adjudicate only

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Sergio Albarran is automatically substituted as Polly Kaiser's successor as the current Acting Field Office Director of San Francisco Office of Detention and Removal; Markwayne Mullin is substituted as Kristi Noem's successor as Director of Homeland Security; and Todd Blanche as Acting Attorney General is substituted for Pam Bondi as Attorney General.

United States District Court
Northern District of California

'live cases or controversies,' not 'to issue advisory opinions [or] to declare rights in hypothetical cases.'" *Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)).  To maintain an action in federal court, a plaintiff must establish Article III standing.  *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016).  The "irreducible constitutional minimum of standing" consists of: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" that is (2) "causal[ly] connect[ed]" and "fairly traceable" to "the conduct complained of" and "not the result of the independent action of some third party not before the court" and (3) "likely as opposed to merely speculative," such that "the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, citations, and alterations omitted).

Courts also apply the related doctrine of ripeness "'to determine whether a case presents a live case or controversy' over which [they] have jurisdiction under Article III." *Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019) (quoting *Clark*, 899 F.3d at 808).  The "'ripeness inquiry' has often involved 'both a constitutional and a prudential component'" because the doctrine is "derived 'both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Id.* (quoting *Clark*, 899 F.3d at 809) (internal quotation marks and citation omitted).  Although a court may decline to exercise jurisdiction for prudential reasons where a case meets the requirements of Article III, it may never exercise jurisdiction where constitutional ripeness is lacking. *See id.* at 412; *Spokeo*, 578 U.S. at 339.

"Constitutional ripeness is often treated under the rubric of standing because ripeness coincides squarely with standing's injury in fact prong." *Safer Chemicals, Healthy Fams.*, 943 F.3d at 411 (alteration omitted) (quoting *Clark*, 899 F.3d at 809).  "To satisfy the constitutional ripeness requirement, a case 'must present issues that are definite and concrete, not hypothetical or abstract.'" *Id.* (quoting *Clark*, 899 F.3d at 809).  "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (quoting *Texas v. United States*, 523

3

U.S. 296, 300 (1998)).  "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing."  *Id.* (citing *Lujan*, 504 U.S. at 560).

The rule that Article III courts may only adjudicate cases or controversies "is 'not relaxed in the declaratory judgment context.'"  *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022 (9th Cir. 2023), cert. denied, 144 S. Ct. 190 (2023) (quoting *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc)).  "The Declaratory Judgment Act does not confer jurisdiction."  *Id.* at 1022–23 (citations omitted).  Nor could any statute—or prudential consideration—create jurisdiction in the absence of a case or controversy that satisfies Article III.  *See e.g., Safer Chems., Healthy Fams.*, 943 F.3d at 411–12. Accordingly, a party seeking declaratory relief must establish that its case is justiciable under the Article III doctrines of standing and ripeness.  *San Diego Cnty. Credit Union*, 65 F.4th at 1022; *see also 50 Exch. Terrace LLC v. Mount Vernon Specialty Ins. Co.*, No. 223CV09557JLSMAR, 2024 WL 628363 (C.D. Cal. Feb. 13, 2024) (dismissing declaratory judgment action for lack of Article III standing and ripeness and noting that a "[p]laintiff cannot sidestep its inability to plead 'an actual and imminent' injury by noting that it seeks declaratory relief").

### III.    DISCUSSION

The threshold question is whether Thai's claim is ripe for adjudication.  The Court finds that Thai's request for habeas, declaratory, and injunctive relief is not ripe for review, depriving the Court of subject matter jurisdiction.  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction.").  Thai's petition was triggered by an impending ICE check-in where he feared re-detention.  Thai was not detained at that appointment or subsequently.  Thai has also made no showing that ICE is likely to detain him at any point in the future.  Thai suggests that he is entitled to relief preventing a speculative future detention or deportation to a third country as others have "been re-detained while complying with their ICE check-ins."  ECF No. 26 at 6.  This conjecture alone is insufficient to show that Thai has pleaded an imminent or actual injury.

United States District Court
Northern District of California

United States District Court
Northern District of California

Courts have found habeas claims to be unripe when petitioners sought habeas relief prior to an ICE check-in, were not detained at that check-in, then failed to articulate the likelihood of an imminent threat after the appointment. *See J.P. v. Santacruz*, No. 8:25-CV-01640-FWS-JC, 2025 WL 2998305, at \*4 (C.D. Cal. Oct. 24, 2025) (dismissing a habeas petition after the ICE check-in giving rise to the petition had passed and petitioner only maintained a challenge to speculative detention at some future appointment); *Matter of Santos Zelaya v. Brightman*, No. 25CV3489-LL-DDL, 2026 WL 35977, at \*3 (S.D. Cal. Jan. 6, 2026) ("Petitioner fails to sufficiently allege an injury or threat of injury because Petitioner's alleged threat of future injury is too speculative and unripe. . . . To the extent Petitioner challenges his future detention and/or arrest at another physical appointment, the Court finds Petitioner fails to present sufficient allegations or evidence of the threat of future injury to confer subject matter jurisdiction."); *Dam v. Robbins, et al.*, 25-cv-08133-JWH-MAA, ECF No. 7 at 6–7 (C.D. Cal. Sept. 16, 2025) (finding that the petitioner could not seek an injunction to prevent his speculative re-detention when ICE had committed to not detaining him at his check-in, which made the claim unripe); *c.f. Yesica L. Boza v. Pamela Bondi, et al.*, 25-cv-3526-AGS-SBC, ECF No. 6 at 1–2 (S.D. Cal. Dec. 15, 2025) (denying motion for temporary restraining order in connection with petitioner's scheduled adjustment of status interview because petitioner "fail[ed] to establish that she is likely to suffer imminent harm."). In *J.P.*, when "the event giving rise to Petitioner's fears [had] passed and Petitioner [had] not been detained or arrested," the Court found that it lacked subject matter jurisdiction as there were "insufficient allegations or evidence of the threat of future injury." *J.P. v. Santacruz*, 2025 WL 2998305, at \*4.

Similarly, Thai has not shown a "credible threat" of future wrongful detention. *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979). Thus, he fails to allege a sufficiently imminent injury for purposes of Article III standing. *Lujan*, 504 U.S. at 560. If ICE were to re-detain Thai during a subsequent check-in, the result might be different. *Yeranosyan v. Janecka*, No. 5:26-CV-01206-CV, 2026 WL 915290, at \*3 (C.D. Cal. Apr. 3, 2026) ("[Petitioner's] re-detention, absent a preliminary injunction, is not purely speculative because he was detained during a routine check-in, and Respondents have set forth no facts to show his re-detention could

United States District Court
Northern District of California

not reasonably be expected to recur."). But those are not the facts. *See T.P.S. v. Kaiser*, No. 2:25-CV-3298-JDP, 2026 WL 622214, at *4 (E.D. Cal. Mar. 5, 2026) ("The court's ruling today is a narrow one. Petitioner's situation could change. Even in the current posture, it is not impossible that petitioner could present evidence showing that he is at sufficient risk of illegal re-detention for jurisdiction to arise. But at present, petitioner has made no such showing.").

**CONCLUSION**

Because Thai has failed to demonstrate standing to bring a claim, the Court dismisses the petition and complaint without prejudice. The Clerk of Court shall close the case file.[2]

**IT IS SO ORDERED.**

Dated: May 12, 2026



_____
JON S. TIGAR
United States District Judge

---

[2] In light of this conclusion, the Court need not address whether petitioner is "in custody" for purposes of his habeas petition.